J-S42036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CORNELIUS BROCKENBOROUGH :
:
Appellant : No. 1125 EDA 2018

Appeal from the PCRA Order March 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007278-2009

BEFORE: OTT, J., KUNSELMAN, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.: **FILED AUGUST 28, 2019**

Appellant, Cornelius Brockenborough, *pro se*,[1] appeals from the order

entered March 27, 2018, that dismissed his timely first petition filed under the

Post Conviction Relief Act ("PCRA")[2] without a hearing. We affirm.

The facts and procedural history of this appeal were set forth by this

Court in **Commonwealth v. Brockenborough**, No. 60 EDA 2011,

unpublished memorandum at 1-5 (Pa. Super. filed March 9, 2012), and by the

PCRA court in its opinion filed September 14, 2018, at 1-2; therefore, we have

---

[1] Appellant's PCRA counsel filed a petition to withdraw and a "no merit" letter
pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and
**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and
was granted permission to withdraw by the PCRA court.

[2] 42 Pa.C.S. §§ 9541–9546.

---

* Retired Senior Judge assigned to the Superior Court.

no reason to restate them.[3]  In his brief to this Court, Appellant presents the following issue for our review:

> Whether Appellant's judgment of conviction should be rever[s]ed on . . . the basi[s] of ineffective assistance of cou[n]sel(under Strickland-v-Washington,466 U.S.688(1984)and Commonwealth v Pierce, 527 [A]2d-973(1987)[Since his PCRA counsel failed to plead that Appellant's trial counsel was ineffective in failing to move for mistrial after Appellant's constitutional right to confront witnesses against him was violated by the Commonwealth's introduction [of] the content of <u>Deanna Ferriol[a]'s</u> five-page report []entered as <u>Commonwealth's Exhibit Number 39 @ NT Vol 1,Nov.19,2010 @ P.-118-123),[[4] ]</u>without affording Appellant the opportunity to cross-examine Deanna Ferriol[a] on the testing she performed to generate her published results.

Appellant's Brief at 2 (emphasis in original).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  Appellant failed to raise the above challenge before the PCRA court.  **See generally** PCRA Petition, 9/9/2013; Response to Rule 907 Notice, 1/17/2018; Statement of Errors Complained of on Appeal, 5/10/2018.  Accordingly, his sole claim raised on appeal is waived.

More specifically, in his PCRA petition, Appellant alleged:  (1) his trial counsel was ineffective for failing to protect his right to a speedy trial; (2) his trial counsel was ineffective for failing to investigate his case; (3) his

---

[3] Appellant is currently serving life imprisonment for murder of the first degree and possessing instruments of crime.  **See** 42 Pa.C.S. § 9543(a)(1)(i) (to be eligible for PCRA relief, petitioner must currently be serving sentence).

[4] Ferriola prepared the report documenting the interim step between the police officer submitting the evidence to the crime lab and the actual DNA analysis. N.T., 11/19/2010, at 118.

confession should have been excluded from evidence; and (4) a DNA test would have exonerated him. PCRA Petition, 9/9/2013, at 2-3. Nowhere in his PCRA petition did Appellant maintain that his trial counsel was ineffective for failing to challenge the admission of Ferriola's report or to request a mistrial due to that admission. Consequently, Appellant's claim is waived, due to his failure to include it in his PCRA petition:

> Regardless of the reasons for [an a]ppellant's belated raising of [an] issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition.

***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (internal brackets, citations, and quotation marks omitted).

Additionally, Appellant failed to insist in his response to the PCRA court's Rule 907 Notice, filed January 17, 2018, that his PCRA counsel was ineffective for failing to raise the above claim of ineffectiveness against his trial counsel, and his claim of ineffective assistance of PCRA counsel thus is waived. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1186-87 (Pa. Super. 2012).

Appellant's claim that his PCRA counsel was ineffective for failing to state that his trial counsel was ineffective for failing to object to the admission of Ferriola's report without first allowing Appellant the opportunity to confront and to cross-examine Ferriola is also waived due to Appellant's failure to

include this challenge in his statement of errors complained of on appeal. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

For the reasons given above, we conclude that Appellant's sole issue raised on appeal is waived.[5]  We affirm the order below.

Order affirmed.

---

[5] Assuming that Appellant's issue were not waived, we would still find it meritless.  Trial counsel and the Commonwealth entered into a stipulation on the record that, if Ferriola were to testify at trial, she would be certified as an expert in the field of forensic science.  *Id.* at 118-23.  However, Ferriola did not analyze the samples collected by police at the crime scene for DNA; her report merely chronicled the chain of evidence, when the samples arrived at the crime laboratory for examination, and whether they tested positive for blood or human protein and were worth further testing for DNA by a DNA analyst.  *Id.* at 119-22.

The actual DNA analyst, Bryne Strother, who, in fact, performed the examination of the samples collected from the crime scene for DNA, was called to testify at trial immediately after the stipulation about Ferriola.  *Id.* at 124. Thus, any questions about the testing of the samples were appropriately directed by trial counsel to Strother, who was the more suitable person to ask, as opposed to Ferriola.  *Id.* at 152-54.  Appellant's constitutional rights therefore were not violated by not being able to cross-examine Ferriola.  This underlying claim hence is meritless, and trial "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim."  ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006).  Appellant's claim that his PCRA counsel was ineffective for failing to allege that trial counsel was ineffective likewise would merit no relief, because Appellant failed to establish trial counsel's ineffective representation. ***See Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (to prevail on a claim of most recent counsel's ineffectiveness for failure to raise an allegation of earlier counsel's ineffectiveness, a PCRA petitioner must present a layered claim that shows ineffectiveness at each layer of allegedly ineffective representation).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/19</u>